| | |
|---|---|
| CHARLES LEWIS BOBO, | No. 2:16-cv-02339-TLN-DB |
| Plaintiff, | |
| v. | ORDER |
| FRESNO COUNTY DEPENDENCY COURT AND TRUST FUND, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is proceeding *pro se* with the above-entitled action. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

On April 4, 2017, the magistrate judge filed findings and recommendations herein, which were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within fourteen days after service of the findings and recommendations. The fourteen-day period has expired, and Plaintiff has not filed any objections to the findings and recommendations.

The magistrate judge recommended that (i) Plaintiff's application to proceed in forma pauperis (ECF No. 2) should be denied, (ii) Plaintiff's complaint (ECF No. 1) should be dismissed without prejudice and without leave to amend, and (iii) the action should be dismissed. (ECF No. 3 at 6.) The Court declines to adopt these recommendations. In order to see why, the

1

Court will reproduce the allegations from the Complaint in their entirety:[1]

> Your Name = Charles Lewis Bobo = pro se
>
> . . .
>
> Jurisdiction = Katrinas Bobo Remain longterm fostercare
>
> Allegations = Fresno Dept of Children and Family Service trying to locate the father of a female child born on Dec 11, 1990 father name Charles Bobo if you father notify me in writing or call by telephone they found me didn't give me custody.
>
> Allegations = file JV-180 Request to change court order Case #02CEJ300179 County of Fresno Dependency Court discussed Katrinas Permanent Plan Remain Longterm Fostercare.
>
> Allegations = County of Fresno Dependency Court had a trust fund in her name should be 110, 000 dollars in her trust fund.
>
> Allegations = My daughter start receive SSI in 1995 she was getting 515.00 mo when she turn 18 yrs old starting getting 950.00 mo
>
> Relief = I want Court to grant me custody of my daughter and 500,000,000 million dollars for damage over 20 years and also grant me her trust fund 120,000 dollars.

(ECF No. 1 at 1–2.)

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). The magistrate judge correctly identifies the "minimum requirements for a civil complaint in federal court" are contained in Rule 8(a). (ECF No. 3 at 3.) Those requirements are that the complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a).

The Court agrees with the magistrate judge that Plaintiff has not included a "short and plain statement of the grounds upon which the court's jurisdiction depends." (ECF No. 3 at 3.) The Court adopts the magistrate judge's analysis on this point. The Court reproduces that analysis here:

> The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and

---

[1] The complaint is handwritten and contains a number of typographical and grammatical errors. However, inserting "sic" repeatedly would not be helpful.

1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

(ECF No. 3 at 3.) Plaintiff's complaint indicates that he and Defendant are citizens of California. Consequently, Plaintiff has not shown this Court has "diversity" jurisdiction. Plaintiff also has not shown there is "federal question" jurisdiction. He has neither identified any federal law that he believes Defendant's conduct has violated nor has he identified any federal law that confers jurisdiction on this Court over his case. Therefore, the magistrate judge appropriately recommended the complaint be screened for failing to comply with Rule 8(a)(1).

Rule 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (internal quotation marks and citation omitted). Here, Plaintiff has not identified any law that he thinks has been broken. For this reason, the Court agrees with the magistrate judge's conclusion that the complaint fails to comply with Rule 8(a)(2).

However, the Court disagrees with the magistrate judge's conclusion that Plaintiff should not be granted leave to file an amended complaint. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130

3

(9th Cir. 2000) (en banc). Quite frankly, the complaint is too sparse to conclusively determine that it cannot be cured. Consequently, Plaintiff must be given the opportunity to file an amended complaint.

If Plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall address the deficiencies outlined above; and shall be filed within 30 days of this Order. Plaintiff is informed that the Court cannot refer to a prior complaint or other filing in order to make Plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Additionally, Plaintiff's first amended complaint should also indicate the following information, if he knows it: (i) whether his daughter has a disability or some other reason that requires someone to have custody of or guardianship over her, (ii) if she does, who has custody of or guardianship over his daughter, (iii) whether her custodian or guardian has control or custody over her trust fund or account, (iv) where his daughter is staying, (v) who operates that location, (vi) whether there is an active case or proceeding in the Fresno County Dependency Court relating to his daughter's custody or guardianship over her, (vii) if there is, the status of the case, and (viii) if there is not, the outcome of the case, including any appeals. Also, Plaintiff must specify his grounds for relief. Particularly, Plaintiff must specify the federal law or laws he believes Defendant has violated. This includes violations of the Constitution of the United States.

The magistrate judge concluded that "Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1)." (ECF No. 3 at 2.) The Court agrees. Consequently, the Court finds that Plaintiff's application should be granted. It is true, as the magistrate correctly notes, that "[a] district court *may* deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (emphasis added). However, the Court declines to do so here, particularly, in light of the Court's conclusion that Plaintiff should be given leave to file an amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 4, 2017 (ECF No. 3), are not adopted, except as specifically identified above;

2. Plaintiff's September 30, 2016, application to proceed in forma pauperis (ECF No. 2) is granted;

3. Plaintiff's September 30, 2016, complaint (ECF No. 1) is dismissed with leave to amend; and

4. Plaintiff has 30 days from the date of this Order to file an amended complaint that complies with this Order.

Dated: August 16, 2017

Troy L. Nunley
United States District Judge